IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 44235 & 44236

| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 411 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 6, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| NICHOLAS JAMES LONGEE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Gerald F. Schroeder and Hon. G. Richard Bevan, District Judges.

Judgments of conviction for burglary, grand theft by possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and being a persistent violator, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

---

LORELLO, Judge

In two criminal cases that were consolidated for trial and on appeal, Nicholas James Longee appeals from his judgments of conviction for burglary, grand theft by possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and being a persistent violator. Longee asserts that the district court abused its discretion by excluding hearsay evidence under I.R.E. 804(b)(3). For the reasons set forth below, we affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, a home was burglarized and five guns, jewelry, and a pillowcase were taken from the residence. After an investigation, Longee was charged with burglary, grand theft by possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and a persistent violator sentencing enhancement which was based upon two prior burglary convictions. At a preliminary hearing, the magistrate found that the State failed to meet its burden of proof on the burglary charge, and Longee was bound over only on the remaining charges. Longee was found guilty of the remaining charges. On appeal, this Court, in an unpublished opinion, affirmed the judgments of conviction but remanded the case for resentencing after concluding there was insufficient evidence to support the persistent violator sentencing enhancement. *State v. Longee*, Docket 40435 (Ct. App. Feb. 14, 2014). Longee filed for post-conviction relief and was granted a new trial. The State refiled the burglary charge and the persistent violator allegation and they were consolidated with the remaining charges for the new trial.

At the first and second trials, there were competing stories presented through various witnesses as to the events surrounding the burglary. The State's theory of the case was that Longee committed the burglary and then transferred the stolen property to others to sell. Longee's theory of the case was that O.P. and/or K.W. burglarized the home, O.P. tried to get Longee to sell the guns, and O.P. and K.W. attempted to frame Longee for the burglary. K.W. testified during Longee's preliminary hearing and the first trial, but exercised his Fifth Amendment right and refused to testify at the second trial. The parties stipulated that K.W. was unavailable at the second trial and his testimony from the first trial and preliminary hearing was read into evidence at the second trial. During the second trial, Longee attempted to introduce testimony from J.W. and D.G. regarding statements reportedly made by K.W. to J.W. and D.G. at different times. The district court sustained the State's objections to this testimony under I.R.E. 804(b)(3), finding a lack of sufficient corroborating circumstances. The jury found Longee guilty of all charges. Longee appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Longee argues that the district court abused its discretion when it excluded statements reportedly made by K.W. Longee claims the statements were admissible under I.R.E. 804(b)(3) and that the district court did not apply the correct legal standard in concluding otherwise. The district court did not abuse its discretion.

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. Idaho Rule of Evidence 804(b)(3) permits the admission of hearsay when the declarant is unavailable as a witness if it is:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject declarant to civil or criminal liability, or to render invalid a claim by declarant against another, that a reasonable man in declarant's position would not have made the statement unless declarant believed it to be true. A statement tending to expose the declarant to criminal liability and offered in a criminal case is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

The corroborating circumstances required by I.R.E. 804(b)(3) are necessary and must clearly indicate the trustworthiness of the statement. *State v. Meister*, 148 Idaho 236, 242, 220 P.3d 1055, 1061 (2009). The Idaho Supreme Court has adopted seven factors for determining the reliability and corroboration of a statement subject to the hearsay exception in I.R.E. 804(b)(3). *See Meister*, 148 Idaho at 242, 220 P.3d at 1061. The seven factors are:

(1) whether the declarant is unavailable; (2) whether the statement is against the declarant's interest; (3) whether corroborating circumstances exist which clearly indicate the trustworthiness of the exculpatory statement, taking into account contradictory evidence, the relationship between the declarant and the listener, and the relationship between the declarant and the defendant; (4) whether the declarant has issued the statement multiple times; (5) whether a significant amount of time has passed between the incident and the statement; (6) whether the declarant will benefit from making the statement; and (7) whether the psychological and physical surroundings could affect the statement.

*Id.* at 242 n.7, 220 P.3d at 1061 n.7. The test for a trial court to determine whether there is sufficient corroboration for admission under I.R.E. 804(b)(3) is whether evidence in the record corroborating and contradicting the declarant's statement would permit a reasonable person to believe that the statement could be true. *Meister*, 148 Idaho at 242, 220 P.3d at 1061. If the statements clearly establish trustworthiness through corroborating evidence, it is within the province of the jury to weigh the testimony and determine where the truth lies. *Id.*

During trial, Longee called J.W. and D.G. to testify. Longee wanted to elicit testimony from both witnesses about statements reportedly made by K.W., who had invoked his Fifth Amendment right and refused to testify. Longee wanted to have J.W. testify that he met K.W. while incarcerated and K.W. admitted that he and O.P. committed the burglary and O.P. had the guns after the burglary. Longee wanted D.G. to testify that he had spoken to K.W. and that K.W. had said he felt that he did not have a choice but to go along with O.P. when O.P. blamed it on Longee because O.P. had already turned the guns into the police and the "cat was out of the bag." D.G. would have also testified that K.W. told him that "those were ours, we took them" and D.G. took that to mean that K.W. and O.P. took the guns. The State objected to both J.W. and D.G.'s testimony regarding the statements reportedly made by K.W., arguing that Longee had not presented the necessary corroborating circumstances as required under I.R.E. 804(b)(3). The district court sustained the State's objection to both J.W. and D.G.'s comments regarding K.W.'s testimony under I.R.E. 804(b)(3), finding there were inadequate corroborating circumstances to admit the statements. The district court, however, allowed the parties time to research the issue. The next day, the parties presented their arguments, at which time Longee cited the seven *Meister* factors and discussed each factor in relation to K.W.'s reported statements. The district court adhered to its previous ruling and excluded the proffered testimony.

4

Longee asserts that the district court abused its discretion in finding insufficient corroborating circumstances and refusing to admit K.W.'s hearsay statements. Specifically, Longee contends the district erred by not expressly applying all of the *Meister* factors. Longee also contends that the district court invaded the province of the jury by "concern[ing] itself with whether it believed the statements were true" rather than "asking whether evidence in the record corroborating and contradicting the declarant's statement[s] would permit a reasonable person to believe that the statement[s] could be true." A review of the record shows that the district court correctly perceived the issue as one of discretion, acted within the bounds of its discretion and consistently with applicable legal standards, and reached its decision by an exercise of reason. Contrary to Longee's claim, the district court was not required to articulate its finding on each factor set forth in *Meister*, and the failure to do so does not mean the district court "neglect[ed]" the relevant factors or abused its discretion. It was also not an abuse of discretion for the district court to focus on the corroboration requirement, which it characterized as a "critical factor." Idaho Rule of Evidence 804(b)(3) precludes admission "unless corroborating circumstances clearly indicate the trustworthiness of the statement" and the factors set forth in *Meister* inform that inquiry. Although the district court did not reference the *Meister* factors individually, it does not mean the district court neglected, ignored or disregarded them, particularly when presented with the factors in conjunction with the parties' arguments.

We also reject Longee's contention that the district court applied a standard of whether it personally believed the hearsay statements rather than the applicable reasonable person standard. The only basis Longee offers for this claim is the district court's statement that "it's a well-argued and well-presented point, and it is a close point. I didn't see, before, the clearly corroborating circumstances, and I don't at this point, and I'll abide by the ruling; although, I acknowledge that it's very--it's closer in light of the decisions that have been cited." The district court's use of the word "I" in its oral ruling, finding there were insufficient corroborating circumstances to admit the hearsay, does not translate into a conclusion that the district court ignored the applicable legal standard. Indeed, the district court's comments do not indicate the district court's belief regarding the statements. The quoted language only reflects that the district court found insufficient corroborating circumstances, which is the correct legal standard the district court was to apply. The district court understood and applied the correct legal standard

5

and reached its decision by exercising reason.  Accordingly, we conclude that the district court did not abuse its discretion.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it excluded proposed testimony regarding K.W.'s hearsay statements.  Longee's judgments of conviction for burglary, grand theft by possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and being a persistent violator are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.